Judge Lane
delivered the opinion of the court:
This was an action of covenant, on a policy of insurance against fire, upon goods valued at four thousand dollars, for the term of five months, from August 8,1829.
The defendant asked oyer of the policy and of the conditions attached, the sixth of which is as follows; “6. Persons insuring property at this office must give notice of any other insurance made on their behalf on the same, and cause such other insurance to be indorsed on the policy; in which case, each office shall be liable to the payments of a ratable proportion of any loss or damage which may be sustained. And unless such notice is given, the insured will not be entitled to recover, in case of loss.”
The defendants plead, that on October 31, 1829, the plaintiffs caused insurance to be made, of the same goods, at the office of the Cincinnati Insurance Company, of which they gave no notice to these defendants, nor did they cause the second insurance to be indorsed on the said policy. To this, the plaintiff demurred, and the question presented *by this issue is, whether by tho-sixth condition, the plaintiff loses his right of recovery, in cases where he neglects to give notice and make the indorsement of subsequent insurers, or whether he is bound to communicate such insurances only as had been made before the date of the policy which he seeks to enforce.
In cases of double insurance, the law will not permit the insured; to obtain double satisfaction, although he may collect payment of his loss from either. In such cases, when one insurer pays the-whole loss, he is entitled to contribution from each underwriter, for his proportion of the sum paid, without regard to the dates of their respective policies. 3 Kent Com. 227; Phil. Ins. 326. To apprise the assurer of his right to claim a contribution from his co-insurers, is one object designed by the introduction of this.condition.
Besides, it is' the interest of the insurer that the assured should sustain a part of the risk, for if the insured be more than indemnified, if this do not tempt him to produce loss, it at least tends to relax the diligence which prevents it. Upon the diminution of *427 the risk, arising from the co-operation of the interest of the insured with his own, the assurer has a right to calculate ; and if an event occur, by which this identity of interest is ' destroyed, many reasons concur to make it proper in time to require a knowledge-of the fact from the insured.
These causes operate equally on the insured, in all cases of double insurance, whether prior or subsequent to the policy sought to be enforced. We feel, no doubt, that by the sixth condition, it was intended to . exact this communication from the plaintiff whenever it occurred, and that this intention is sufficiently manifested from the transaction. The grammatical construction of the sentence will bear either interpretation, and consequently throws little light upon the matter. But the parties evidently designed to give the fact of double insurance very different character from any of the class which compose the representation. The object they had in view was “ that each office should bear its-proportion of the lossand the insured, in whose custody the policy remained after execution, were to cause the indorsement to be made. These considerations convince us *that the plaintiffs were sufficiently apprised of their duty; that their omission to notify the second insurance is a kind of bad faith, which cuts off their remedy on the policy.
An objection is stated that the plea does not sufficiently show the second insurance was a double insurance, the one being upon the goods, and the other on the store and goods. The rule is correct that to constitute á double insurance, the same risks must be covered by the second policy, for the benefit of the same person. An insurance against one peril does not diminish the owner’s interest as to other perils. If property be insured to its value-against, capture, the owner has the same amount of honorable interest against the perils of the sea. Phil. Ins. 326; 11 Johns. 238; 5 Serg. & R. 513. But where the second policy insures-the same risks, for the benefit of the same person, it falls within Mansfield’s definition, 1 Burr. 489, and is, to any extent, a double insurance. The plea, in the present case, shows the,goods are-protected by the second policy from perils by fire; it is therefore-a double insurance of the same risks.
The plaintiff has leave, on motion, to withdraw his demurrer on the payment of costs, and to reply. 4 Ohio, 224.